IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,       §
                                §
                    Plaintiff,  §
                                §   Civil Action No. 3:11-CR-168-D (01)
VS.                             §
                                §
GREGORY LASHON THOMAS,          §
                                §
                   Defendant.   §

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses several pretrial motions

filed by defendant Gregory Lashon Thomas ("Thomas").

I

*Motion for Disclosure of Bad Acts*

Thomas moves under Fed. R. Evid. 404(b) for reasonable advance notice of any

evidence of other crimes, wrongs, or acts of Thomas that the government intends to introduce

at trial.  In a separate motion *in limine*, he also requests that the court preclude government

counsel and witnesses from referring to such evidence until the court has conducted a hearing

outside the presence of the jury.  In its response, the government agrees to comply with its

obligations under Rule 404(b)—to the extent the evidence is covered by Rule 404(b)—and

does not object to Thomas' request that Rule 404(b) evidence be first taken up outside the

presence of the jury.

To the extent the government has agreed to comply with its obligations under Rule

404(b), Thomas' motion is denied as moot; otherwise, the motion is denied as exceeding what Rule 404(b) requires. The government must provide the notice required by Rule 404(b) no later than the date specified *infra* at § IV. Thomas' motion *in limine* is granted to the extent that the government must not disclose Rule 404(b) evidence to the jury until it has obtained a ruling outside the jury's presence that the evidence is admissible.

II

*Motion for Pretrial Discovery*

In his motion for pretrial discovery, Thomas moves for five categories (some contain subcategories) of evidence.

A

*Favorable Evidence*

Thomas moves the court to compel the government to produce all documents, statements, and other evidence favorable to him. The government responds that it has already complied with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

To the extent that the government has complied with the disclosure requirements of *Brady*, the court denies the motion in part as moot. To the extent that it has not, the court grants the motion to the extent disclosure is required by *Brady* or by *Giglio v. United States*, 405 U.S. 150 (1972). To the extent Thomas' requests exceed the scope of *Brady* or *Giglio*, the motion is denied in this respect.

The government need not produce any discoverable statements covered by the Jencks Act or Fed. R. Crim. P. 26.2 until the deadline specified *infra* at § IV.

- 2 -

Thomas includes in this motion a request for disclosure of his own statements to any agent, servant, or employee of the United States, including the Federal Bureau of Investigation ("FBI"), the existence of which is known or by due diligence may become known to the attorney for the government.  The court grants the motion to the extent disclosure is required by Rule 16(a)(1)(A).  The court otherwise denies the motion.

B

*Evidence of Lack of Criminal Intent or Knowledge*

Thomas moves the court to compel the government to disclose evidence that tends to show a lack of criminal intent or lack of knowledge of a conspiracy.

The court grants the motion to the extent disclosure is required by *Brady* or *Giglio*, and it otherwise denies the motion.

C

*Impeaching Evidence*

Thomas moves the court to compel the government to disclose evidence that may be used to impeach government witnesses, including statements by individuals that are inconsistent with the witnesses' previous statements or inconsistent with statements made by other individuals relevant to the charges against Thomas.  The government responds that it has already complied with its discovery obligations under Rule 16 and *Giglio*.

To the extent that the government has complied with the disclosure requirements of Rule 16 and *Giglio*, the court denies the motion as moot.  To the extent that it has not, the court grants the motion to the extent disclosure is required by Rule 16, *Brady*, and *Giglio*,

and it otherwise denies the motion.

The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § IV.

D

*Exonerative Evidence*

Thomas moves the court to compel the government to produce the following exonerative evidence: information regarding anyone who was present during any of the acts alleged against Thomas, copies of the arrest and conviction records of any witnesses the government intends to call, and all information related to plea bargains, promises of leniency, offers of immunity, or negotiations concerning pleas with any codefendant, coconspirator, or witness related to matter in the indictment.

In its response, the government represents that it has provided Thomas with information regarding persons present by producing documents obtained via grand jury subpoena and FBI interview memoranda. The government also agrees to provide copies of the arrest and conviction records of witnesses it intends to call to testify. Finally, the government agrees to produce information related to plea bargains and offers of immunity made to others to the extent it is required to do so under *Giglio*.

To the extent that the government has complied with the disclosure requirements of Rule 16, *Brady*, and *Giglio*, the court denies the motion as moot. To the extent that it has not, the court grants the motion to the extent disclosure is required by Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion. Any disclosure not already made must be made

no later than the date specified *infra* at § IV.

E

*Jencks Material*

Thomas moves the court to compel the government to produce all Jencks material prior to trial, and he includes in the request all notes, reports, and memoranda prepared by law enforcement agencies that participated in the investigation underlying the charges contained in the indictment.  The government responds that, although not required to produce Jencks material until after the witness testifies on direct examination, it will provide the Jencks material no later than seven days before trial.  Furthermore, the government argues that it is not required to produce the notes of investigating agents, and that it has already produced all required FBI interview memoranda.

The court agrees with the government that Jencks Act statements do not include notes, reports, and memoranda that do not qualify as statements.  *See United States v. Jimenez*, 509 F.3d 682, 694 (5th Cir. 2007) (affirming district court holding that government agent notes were not discoverable evidence because "[t]he Jencks Act applies only to a written statement 'signed . . . or approved' by the witness).  To the extent the government has agreed to produce all Jencks materials at least seven days before trial, the court denies the motion in part as moot.  To the extent the government has not, the court grants the motion to the extent disclosure is required by the Jencks Act, and it otherwise denies the motion. The deadline to disclose such materials is specified *infra* at § IV.

III

*Motion for Bill of Particulars*

Thomas moves for a bill of particulars.

A

Count One of the indictment charges the offense of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. Specifically, it charges that Thomas and other alleged coconspirators conducted fraudulent real estate transactions by "mailing matter and causing another person to mail matter . . . for the purpose of executing and attempting to execute a scheme and artifice to defraud and to obtain money and property from another, by means of materially false and fraudulent pretenses[.]" Indictment at 2, ¶ 3. Count One specifies various acts that were allegedly part of the conspiracy and joint scheme and artifice to defraud. *Id.* at 2-3, ¶ 4(a)-(g). Counts Two, Three, and Four of the indictment charge that Thomas and others committed the offenses of mail fraud, as principals or as aiders and abettors. Thomas moves the court to direct the government to file a bill of particulars identifying more particularly: (1) communications in creation or furtherance of the conspiracy; (2) the time, locations, and circumstances under which Thomas allegedly entered into the alleged conspiracy; (3) the exact language used by Thomas that tends to indicate that he agreed or conspired with other defendants to commit the illegal acts alleged in the indictment; (4) any coconspirators not named as defendants in the indictment; (5) all documents allegedly used in furtherance of the alleged conspiracy and how each document was used by whom; (6) what matter was mailed by whom as described in ¶ 4 of the

- 6 -

indictment; (7) what were the false or fraudulent "pretenses, representations, or promises" and who made them; (8) what loan officers Thomas allegedly worked with and how each allegedly false loan application was false or contained a material representation; (9) the identity and details of the individual purchasers for whom Thomas allegedly prepared false loan applications; (10) the purchasers and property identified in ¶ 4 of the indictment; (11) the purchasers and recruiters identified in ¶ 4 of the indictment; and (12) for counts Two, Three, and Four, how Thomas allegedly aided and abetted the offense.

The government responds that the court should not require a bill of particulars because: (1) Thomas' motion is untimely; (2) the indictment contains sufficient detail for Thomas to prepare his defense; (3) the government provided Thomas discovery regarding the charges; and (4) Thomas' motion is an impermissible form of discovery.

B

The purposes of a bill of particulars are to provide the defendant with sufficient notice of the charges against him so that he can prepare an adequate defense, to minimize surprise to the defendant at trial, and to enable the defendant to plead double jeopardy in the event of a subsequent prosecution. *See, e.g., United States v. Carlock*, 806 F.2d 535, 550 (5th Cir. 1986); *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973). A bill of particulars cannot be used, however, to "'obtain a detailed disclosure of the government's evidence prior to trial[.]'" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (quoting *Perez*, 489 F.2d at 70-71); *see also United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (explaining that bill of particulars "is not designed to compel the government to detailed

- 7 -

exposition of its evidence") (citation omitted); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars.").  The decision to grant a bill of particulars is entrusted to the court's discretion.  *Carlock*, 806 F.2d at 550.

In determining whether a bill of particulars is necessary, the court examines "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges against him to enable him to prepare for trial."  *United States v. Martinez*, 2010 WL 2025226, at *7 (N.D. Tex. May 21, 2010) (Fitzwater, C.J.) (citations omitted); *see also United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979) (affirming denial of motion for bill of particulars where defendant did not show that matters requested were necessary to inform him of charge against him).  Moreover, even if the indictment does not furnish sufficient information to enable the defendant to prepare a defense and to avoid surprise at trial, where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary.  *See United States v. Kirkham*, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (concluding that the "voluminous discovery" provided by the government "obviated the need for a bill of particulars").

C

The court denies Thomas' request for a bill of particulars.

Thomas' first eleven requests relate to the alleged conspiracy.  The indictment charges that Thomas and other identified members of the conspiracy "recruited individuals . . . to purchase residential real estate by telling the individuals that they would be purchasing

'investment' property."  Indictment at 2, ¶ 4.  It also charges that Thomas worked with various loan officers, including codefendant Aja D. Crawford ("Crawford"), to prepare loan applications that "included false and material misrepresentations regarding the individual's monthly income, intention to occupy the property, assets, and liabilities."  *Id.*  Thomas then allegedly used loan officers, including Crawford, "to prepare fake documents that attempted to justify the individual's credit worthiness."  *Id.*  At the time of each closing, Thomas allegedly "received a payment from the seller of the property that was not disclosed to the lenders on the HUD-1 Settlement Statement[,]" and would "pay the individual purchasers or another recruiter . . . for purchasing the property."  *Id.* at 3, ¶ 4.  As to the three counts of mail fraud, the counts incorporate the allegations from the conspiracy count and further provide the date of the fraudulent mailing, the individuals involved, and the address of the property at issue.  *See id.* at 4-6.

The court holds that the indictment sufficiently sets forth the elements of the offenses and sufficiently apprises Thomas of the charges against him so that he can adequately prepare for trial.  *See Kirkham*, 129 Fed. Appx. at 72.  Thomas makes no specific arguments as to how the indictment is insufficient to apprise him of the charges against him, or specific arguments concerning why granting his requests is necessary to inform him of the charges against him.  *See Gorel*, 622 F.2d at 104.  Furthermore, Thomas acknowledges that the government has provided him voluminous discovery.  The discovery provided to him "obviate[s] the need for a bill of particulars."  *Kirkham*, 129 Fed. Appx. at 72.  Accordingly, the court, denies Thomas' motion to compel the government to provide a bill of particulars.

IV

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than July 2, 2012 with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Thomas has requested.  Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Thomas will begin his cross-examination of a witness.

**SO ORDERED.**

June 26, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 10 -