IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § Criminal No. 3:11-CR-168-D (01) <br> VS. § <br> § <br> GREGORY LASHON THOMAS, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Gregory Lashon Thomas' ("Thomas'") April 5, 2018 motion for sentence reduction is denied.

Thomas was convicted following a jury trial of the offenses of conspiracy to commit mail fraud and mail fraud in connection with a mortgage-fraud scheme. The court sentenced him to 189 months' imprisonment. His guidelines calculation of a total offense level of 31 included a 4-level role adjustment under Guideline 3B1.1(a) for being an organizer or leader. The Fifth Circuit affirmed his conviction and sentence on appeal. *United States v. Thomas*, 548 Fed. Appx. 987 (5th Cir. Dec. 16, 2013) (per curiam).

Thomas moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), which authorizes the court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Thomas maintains that, in Amendment 794, the

Sentencing Commission lowered the sentencing range, and that he is entitled to a minor role adjustment under the amended guideline.

> District courts may reduce a defendant's term of imprisonment if his sentence was based on a sentencing guidelines range that has subsequently been lowered by the Sentencing Commission. This modification of a defendant's sentence proceeds in two parts. First, the district court must determine the defendant's eligibility for a reduction according to Guidelines § 1B1.10. Second, the district court considers the sentencing factors listed in 18 U.S.C. § 3553(a) to determine whether, in the district court's discretion, a reduction is warranted in whole or in part under the particular circumstances of the case.

*United States v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017) (citations, quotation marks, and brackets omitted).

Thomas cannot satisfy the first requirement for a sentence reduction: that he is legally eligible for such a reduction. As the Fifth Circuit explained in *Guerrero*:

> In this case, Guerrero fails to show that the district court erred at the first step. Guidelines § 1B1.10 provides that a defendant is eligible for a sentencing reduction under § 3582(c)(2) only if the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment *listed in subsection (d)* of § 1B1.10. Because Amendment 794 is not listed in § 1B1.10(d), the district court correctly determined that this amendment does not make Guerrero eligible for any sentencing reduction.

*Id.* (citations, quotation marks, and brackets omitted; emphasis in original).

Moreover, even if Thomas could legally qualify for a sentence reduction, the court would deny the motion under the second step, in which it determines in its discretion whether a reduction is warranted in whole or in part under the particular circumstances of the case.

In this case, Thomas received a 4-level increase in the base offense level based on the court's determination that he was the organizer or leader of the mortgage-fraud scheme. *See* PSR ¶ 39. Thomas did not object to that role adjustment enhancement. *See* Sent. Tr. 11 (allocution of government counsel: "Second, Your Honor, something that jumped out to me i[n] reviewing the PSR, is Mr. Thomas has an organizer/leader role in this fraud scheme. There is no objection to that, that he was bringing in others, recruiting the straw buyers, orchestrating and making these deals happen. And I note for the Court that this is not the first time Mr. Thomas has been found to be an organizer or leader of a fraudulent scheme."). The court in its discretion would not now reduce his sentence based on the premise that he only played a minor role.

The motion is denied.

**SO ORDERED**.

April 10, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE