IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | §  Criminal Action No. 3:11-CR-168-D |
| VS. | § |
| | § |
| GREGORY LASHON THOMAS, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Gregory Lashon Thomas ("Thomas") has filed an August 1, 2022 motion for compassionate release. For the reasons that follow, this motion—which is essentially his fifth such motion[1]—is denied.[2]

I

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment,

---

[1]As explained in the court's April 27, 2021 order, Thomas filed a motion for sentence modification on April 17, 2020, a motion for expedited rehearing/motion for sentence modification on July 7, 2020, a renewed motion for sentence modification on July 30, 2020, and motion for compassionate release on April 6, 2021. The court denied all four motions.

[2]On August 2, 2022 the court entered an order directing the government to file a response to Thomas' motion and permitting Thomas to file a reply. The government filed its response on August 30, 2022, and Thomas filed his reply on September 21, 2022. Thomas' motion is now ripe for a decision.

probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).  Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

II

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.  In his motion, Thomas seeks compassionate release based on his health conditions and post-sentencing rehabilitation.  He contends, *inter alia*, that because he is pre-diabetic, has high cholesterol, and has a BMI over 42, "he is at high risk of severe illness or death if he contracts COVID-19," D. Mot. 4, and that his rehabilitative efforts—which include participation in a variety of classes, work assignments, recreational activities, and

---

[3]Thomas states that he submitted a request for compassionate release to the acting Warden of his facility on June 21, 2022 and that 30 days have elapsed since he made his request.  He attaches as an exhibit a copy of what appears to be his June 21, 2022 request.  Based on Thomas' representations and supporting evidence, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

volunteer activities; publication of three personal development books; and creation of a radical transformation mentor program—have been "remarkable," *id*. at 6.

In light of the court's decision below that, considering the § 3553(a) factors, Thomas should not be released, it will assume *arguendo* that Thomas has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

### III

The court now considers the § 3553(a) factors. When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that

there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Concerning the § 3553(a) factors, Thomas concedes that he has "a history of criminal offenses," but he argues that his "troubled past makes [his] rehabilitation efforts . . . all the more remarkable." D. Mot. 8. He maintains, further, that he does not pose a direct danger to society upon release; that "[m]any factors have changed from 16 months ago," when the court denied his previous motion for compassionate release, D. Reply 4; that he has now served over 72% of his sentence and is estimated to be released to a federal halfway house in approximately 10 months; that he is a non-violent offender who, at the age of 52, is unlikely to re-offend; and that

> [t]here is no empirical evidence that would suggest that society would be better served by keeping the defendant incarcerated longer than the ten years he has already served or that his 10 years served would undermine the seriousness of the offense and fail to afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner.

*Id.* at 5.

The court considered substantially similar arguments when it denied Thomas' April 6, 2021 motion for compassionate release. Having considered the entire record, including Thomas' current motion, the court is not convinced that significant "factors have changed" that would justify varying from the court's prior ruling. Nor is it persuaded after considering anew the relevant factors under § 3553(a) that it should grant Thomas compassionate release. Accordingly, the court denies Thomas's motion for the reasons explained in its April 27, 2021 order, *see* April 27, 2021 order at 3-5, and for the reasons explained in this

memorandum opinion and order.

*   *   *

The court denies Thomas' August 1, 2022 motion for compassionate release.

**SO ORDERED**.

September 27, 2022.

                                                              SIDNEY A. FITZWATER
                                                              SENIOR JUDGE