IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> GREGORY LASHON THOMAS, § <br> § <br> Defendant. § | No. 3:11-CR-168-D(01) |

MEMORANDUM OPINION
AND ORDER

Defendant Gregory Lashon Thomas ("Thomas") moves the court to appoint counsel for the purpose of filing a motion for relief relating to Amendment 821 of the United States Sentencing Guidelines. For the following reasons, the court denies the motion without prejudice.

I

Thomas was convicted by a jury of one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1341), and three counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341 & 2. On December 21, 2012 the court sentenced him to 189 months' imprisonment on each count, to be served concurrently and to be followed by 3 years of supervised release. Thomas has previously filed five motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and one motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which the undersigned denied.

On October 19, 2023 Thomas filed the instant letter motion, addressed to the clerk of court, for "the appointment of counsel to file a motion for relief related to United States Sentencing Commission Guidelines Amendment 821 on my behalf."[1] Mot. at 1. The forthcoming Amendment 821 to the United States Sentencing Guidelines, relating to criminal history, is scheduled to apply retroactively beginning February 1, 2024. Thomas has not filed another motion seeking relief under § 3582(c) or any other statutory provision.

II

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 Fed Appx. 522, 523 (5th Cir. Dec. 28, 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Rodriguez*, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th Cir. 2008)) (appointing counsel on appeal in contested § 3582(c) proceeding). To determine whether the interests of justice require that counsel be appointed, a court must examine the claims presented and determine "whether those claims are either significant,

---

[1] Thomas does not specify whether his potential motion will be a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which allows for a sentence reduction if there are extraordinary and compelling reasons, or under 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction for a defendant who has been sentenced based on a sentencing range that has subsequently been lowered pursuant to 28 U.S.C. § 994(o), or under any other statutory provision.

- 2 -

exceptional, complex, or—at the very least—not frivolous." *United States v. Duc Minh Luu*, 2015 WL 1515187, at *2 (N.D. Tex. Apr. 1, 2015) (Horan, J.).

Thomas has not filed another motion to reduce sentence under § 3582(c) or any other statutory provision, only a motion for appointed counsel to assist him in preparing such a motion. Federal courts do not "sit to decide hypothetical issues or give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, 2001 WL 194974, at *1 (N.D. Tex. Feb. 22, 2001) (Sanderson, J.), *rec. adopted*, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001) (Lynn, J.) (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982)). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Id.* (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)).

Because Thomas has not filed another motion to reduce sentence or for any other relief and only seeks appointed counsel to assist him in filing such a motion, there is no claim or adverse party before the court. Therefore, there is no case or controversy, and any opinion as to whether appointment of counsel is appropriate—which would require at least some examination of the claim's merits—would be merely advisory. *See, e.g., United States v. Zepeda*, 2015 WL 11216744, at *2 (C.D. Cal. Oct. 21, 2015) ("Because defendant has not filed another motion to reduce sentence, 'there is no adverse party before the Court,' and thus no active case or controversy between two parties within the meaning of Article III, Section 2. A ruling as to whether it would be appropriate to appoint counsel in connection with a motion that does not exist, would be an advisory opinion.") (citing *Perry v. State of Texas*, 2006 WL 2934287, at *1 (N.D. Tex. Oct. 12, 2006) (Godbey, J.)); *see also United States v.*

*McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the [§2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'") (citation omitted); *Heidinger v. Yates*, 2007 WL 1521003, at *1 (N.D. Cal. May 24, 2007) ("As there is no petition, and consequently no case or controversy, presented herein, petitioner's motions for appointment of counsel and for financial assistance are DENIED.").

This order will not prejudice Thomas' right to seek appointed counsel in connection with a properly-filed motion to reduce sentence under § 3582(c) or for other statutory relief if and when the forthcoming Sentencing Guideline amendments become effective.

\*   \*   \*

Accordingly, Thomas' October 19, 2023 letter motion for appointed counsel to assist him in preparing and filing a motion seeking relief under Amendment 821 of the United States Sentencing Guidelines is denied without prejudice.

**SO ORDERED**.

October 24, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE