IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA, §
§
Plaintiff, §
§ Criminal No. 3:11-CR-168-D(1)
VS. §
§
GREGORY LASHON THOMAS, §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Gregory Lashon Thomas ("Thomas") moves for early termination of

supervised release and for judicial clarification of his restitution payment obligations. For

the reasons that follow, the court denies Thomas' motion for early termination and denies as

moot his motion for judicial clarification.

I

Thomas was convicted of three counts of mail fraud and aiding and abetting, 18

U.S.C. §§ 1341 & 2, and one count of conspiracy to commit mail fraud, 18 U.S.C. § 1349.

On December 21, 2012 the court sentenced him to 189 months of imprisonment, followed

by three years of supervised release. The court's judgment required that Thomas pay

restitution in the amount of $2,094,000. The judgment also provided:

> If upon commencement of the term of supervised release any
> part of the restitution remains unpaid, the defendant shall make
> payments on such unpaid balance in monthly installments of not
> less than 10% of the defendant's gross monthly income, or at the
> rate of not less $50 per month, whichever is greater, until the
> restitution is paid in full. Payments shall begin no later than 60

days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full.

Judgment (ECF No. 128) at 4.

On August 21, 2025 Thomas filed a motion for early termination of supervised release. The court denied that motion based on the United States Probation Office's ("USPO's") position that Thomas' restitution payments were not in compliance with the court's judgment.

Thomas now moves again for early termination of supervised release. He also seeks clarification regarding his restitution payment schedule.[1] The Government opposes the motions.

## II

The court first considers Thomas' motion for early termination of supervised release.

## A

Under 18 U.S.C. § 3583(e), a district court, after considering the factors set forth in 18 U.S.C. § 3553(a), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Johnson*, 529 U.S. 53,

---

[1]Thomas' motion for judicial clarification "does not seek reduction, remission, or discharge of restitution, but solely clarification of payment expectations during supervised release." D. Br. (ECF No. 229) at 2 (bold font omitted). Because the court is providing such clarification in this memorandum opinion and order, it denies Thomas' motion as moot.

60 (2000). Section 3583(e)(1) "confers broad discretion" on the district court. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

B

Thomas has not demonstrated that his conduct warrants early termination of supervised release. Nor has he shown "exceptional circumstances to justify the court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *United States v. Hartman*, 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013) (Horan, J.), *rec. adopted*, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013) (Boyle, J.); *see also United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) (Horan, J.) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior." (quoting *United States v. Jones*, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013))), *rec. adopted*, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020) (Scholer, J.).

The court's judgment requires that Thomas make payments in "monthly installments of not less than 10% of [his] gross monthly income, or at the rate of not less $50 per month, whichever is greater, until the restitution is paid in full." Judgment (ECF No. 128) at 4. USPO records demonstrate that Thomas has made inconsistent restitution payments. But even if the court assumes *arguendo* that Thomas has fully complied with his restitution obligations, "compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *Guidry*, 2020

- 3 -

WL 908542, at *1 (citation omitted).

Accordingly, Thomas' motion for early termination of supervised release is denied.

III

Thomas also seeks clarification regarding his restitution payment obligations, which the court now provides. Because the court is providing this clarification, it denies his motion for judicial clarification as moot.

As stated above, Thomas must make monthly payments of not less than 10% of his gross monthly income, or $50, whichever is greater. Based on Thomas' earning statements, the USPO has set his monthly restitution payment at $240, which is 10% of his reported gross monthly income of $2,400. Consistent with the court's judgment, Thomas must pay the sum of $240 each month.

The court's judgment merely sets a floor for the amount that Thomas must pay. *See United States v. Norman*, 2025 WL 2837760, at *1 (N.D. Tex. Oct. 1, 2025) (Boyle, J.). The judgment does not "affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program,[2] the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990, or any other means available under federal or state law." Judgment (ECF No. 128) at 4. "The United States may enforce a restitution order 'by all . . . available and reasonable means.'" *Norman*, 2025 WL 2837760,

---

[2]The Treasury Offset Program allows the Department of Treasury to collect delinquent debts, including amounts due for restitution. *See United States v. Harrison*, 2007 WL 2332662, at *2 (N.D. Tex. Aug. 16, 2007) (Fitzwater, J.); *Norman*, 2025 WL 2837760, at *1.

at *1 (alteration in original) (quoting 18 U.S.C. § 3664(m)(1)(A)(ii)); *see also United States v. Rand*, 924 F.3d 140, 143 (5th Cir. 2019) ("So long as the judgment contains nothing to the contrary, the government may pursue immediate payment or an adjustment of the payment schedule . . . .").

"Previous decisions in this District have recognized that claims of financial hardship do not exempt individuals from the lawful enforcement of a restitution order." *Norman*, 2025 WL 2837760, at *2 (collecting cases). But if Thomas cannot meet the payment schedule established for him, he may petition this court to modify its restitution order under 18 U.S.C. § 3664(k). *See United States v. Tarnawa*, 26 F.4th 720, 723-24 (5th Cir. 2022); *United States v. Stark*, 56 F.4th 1039, 1040 (5th Cir. 2023).

Having clarified Thomas' restitution obligations, the court denies as moot his motion for judicial clarification.

*        *        *

For the reasons explained, Thomas' motion for early termination of supervised release is denied, and his motion for judicial clarification is denied as moot.

**SO ORDERED**.

April 9, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 5 -